# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:19-CV-365-MOC-DCK

| | |
|---|---|
| DECORYAN STRADFORD, and WILLIAM THOMPSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  **ORDER** ) |
| SIEMENS ENERGY, INC., | ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Compel" (Document No. 24). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will grant the motion.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--**or if the disclosure or requested discovery is provided after the motion was filed**--**the court must**, after giving an opportunity to be heard, **require** the party or deponent whose conduct necessitated the motion, the party **or attorney advising that conduct**, **or both** to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A) (emphasis added).

## DISCUSSION

Defendant's pending "…Motion To Compel" (Document No. 24) was filed on April 15, 2020.  By the instant motion, Defendant seeks an order compelling:  (1) Plaintiffs' supplemental responses to Defendant's First Set of Interrogatories and Request for Production of Documents; (2) Plaintiff Stradford's supplemental responses to Defendant's Second Request for Production of Documents;  (3) the continuation of Plaintiffs' depositions;  and (4) costs and attorney's fees related to filing the motion to compel and rescheduling depositions.  (Document No. 24, pp. 1-2).

Defendant's "…Reply In Support…" (Document 36) notes that some of the discovery issues have progressed, but that there are still outstanding issues that require the Court's assistance for resolution.  (Document No. 36, pp. 5-6).  According to Defendant, Plaintiffs' remaining deficiencies include:  (1) Thompson's responses to Interrogatory No. 8 and Request for Production of Documents Nos. 3 and 8;  (2)  Stradford's response to "the Second Discovery Request"

2

involving his personnel file with the City of Charlotte; and (3) Plaintiffs' failure to withdraw improper objections and instructions issued during Plaintiffs' depositions, and to allow full and fair questioning to be resumed by Defendant's counsel. (Document No. 36, pp. 7-12).

Notably, Defendant acknowledges that Plaintiffs have essentially agreed to provide the requested discovery. Id. However, based on the history of the case, Defendant contends that a Court order is still required. Id.

The undersigned observes that it does appear that Plaintiffs have now agreed to provide the outstanding discovery, with the only qualification being that Plaintiffs may object or refuse to answer deposition questions seeking privileged information. See (Document No. 30, pp. 3-4). Although Plaintiffs seem to have grudgingly produced, or agreed to produce, the requested discovery, they still oppose the motion and request a discovery conference with the Court. (Document No. 30).

Plaintiffs' request for a conference will be respectfully denied. The parties have already expended excessive time and resources over these relatively minor discovery disputes. Counsel are reminded that the standard of review above requires that discovery be proportional, but not that the information sought necessarily be admissible. Admissibility will be a question for the presiding judge at a later date.

The undersigned is attempting to view the current dispute with extra patience and leniency since it has largely arisen amidst the COVID-19 global pandemic. Still, the undersigned is disappointed in the inability of counsel for both sides to resolve this dispute without Court intervention, and more importantly, in the glaring lack of civility and professionalism between counsel. The filings before the Court indicate unnecessarily snarky and contentious communications and briefing, as well as acknowledged intemperate and unprofessional language

and sarcasm. Counsels' conduct to date is inconsistent with the Court's expectations and with the reputation and skills of the individuals involved. Going forward, counsel shall improve their communication, or risk additional sanctions from the Court.

Based on the foregoing, the Court directs Plaintiffs to provide the outstanding discovery requested by Defendant and to promptly confer with Defendant's counsel to schedule renewed depositions of Plaintiffs. The parties are encouraged to conduct the depositions remotely if possible, to limit additional costs and delays. The Court will also require Plaintiffs to reimburse some of Defendant's costs pursuant to Fed.R.Civ.P. 37(a)(5)(A).

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel" (Document No. 24) is **GRANTED**. Plaintiffs shall supplement their discovery responses by **June 5, 2020**, and make arrangements with Defendant's counsel for continued depositions of Plaintiffs.

**IT IS FURTHER ORDERED** that Plaintiffs and/or Plaintiffs' counsel shall reimburse Defendant's counsel for the reasonable expenses and attorney's fees Defendant incurred in preparing and filing Document Nos. 24 and 25. Counsel are encouraged to resolve the issue of costs and fees without Court intervention, but Defendant may file an appropriate motion, if necessary, on or before **June 8, 2020**.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel, Mr. Osborn and Mr. Peace, shall file a Motion To Withdraw their representation of Plaintiff William Thompson, or a Notice confirming their representation of Mr. Thompson, on or before **June 5, 2020**. Either filing should indicate whether Mr. Thompson has provided his consent.

**IT IS FURTHER ORDERED** that the discovery deadline in this case is extended to **July 3, 2020**.

**SO ORDERED**.

Signed: May 26, 2020

David C. Keesler
United States Magistrate Judge